**[J-3-2014][M.O. – Stevens, J.]**

**IN THE SUPREME COURT OF PENNSYLVANIA**
**EASTERN DISTRICT**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | No. 680 CAP |
| | : | |
| Appellee | : | Appeal from the Judgment of Sentence |
| | : | entered on 10/4/12 (post-sentence |
| v. | : | motions denied on 2/13/13) in the Court |
| | : | of Common Pleas Criminal Division of |
| CHRISTOPHER LYNN JOHNSON, | : | Adams County at No. CP-01-CR- |
| | : | 0001180-2010 |
| Appellant | : | |
| | : | |
| | : | ARGUED:  March 11, 2014 |

**CONCURRING OPINION**

**MR. JUSTICE SAYLOR**                    **DECIDED:  December 30, 2014**

I join Parts I, VII, VIII, and XI of the majority opinion, concur in the result relative to the balance, and write to the following points.

As to Part III and Appellant's efforts to rely upon voluntary intoxication in mitigation, I support the majority's holding solely on the basis of precedent.  Beyond that, I merely note that the continuing application of a "stringent standard" in construing the Section 9711(e)(3) mitigator, Commonwealth v. Flor, 606 Pa. 384, 421 n.7, 998 A.2d 606, 627 n.7 (2010), is out of sync with the narrowing construction required of death-penalty statutes.  Indeed, as I have previously observed, there is a marked tendency, on the part of this Court, to construe aggravating circumstances broadly, see, e.g., Commonwealth v. Daniels, ___ Pa. ___, ___, ___ A.3d ___, ___, 2014 WL 5505024, at *46 (2014) (Saylor, J., concurring and dissenting), and mitigators narrowly (with the present decision and the precedent upon which it relies serving as an apt

example).  Again, such manner of analysis, in my view, remains in strong tension with governing federal constitutional mandates.  See id. (citing, inter alia, Commonwealth v. Stallworth, 566 Pa. 349, 373, 781 A.2d 110, 124 (2001) ("[I]n the context of a statute defining a category of persons against whom it is permissible to impose a sentence of death, such strict construction should militate in favor of the least inclusive interpretation." (citing Zant v. Stephens, 462 U.S. 862, 877, 103 S. Ct. 2733, 2742 (1983))).

The above comments dovetail with my position concerning Part VI of the majority opinion, since, left to my own devices, I also would implement the constitutionally-required narrowing construction relative to the in-perpetration-of-a-felony aggravator consistent with my dissent in Commonwealth v. Robinson, 583 Pa. 358, 392-99, 877 A.2d 433, 453-58 (2005) (Saylor, J., concurring and dissenting).

With regard to Part IV and the prosecutorial practice of attempting to inject a non-statutory weighing equation into the jury's deliberations centered on the value of a victim's life, I believe that the district attorney's remarks were plainly inappropriate and prejudicial, and that the judgment of sentence may only be sustained on the basis of the prompt and explicit curative measures taken by the trial court.

Respecting Part V and Appellant's attempts to introduce extrajudicial expressions of his asserted remorse, the majority opinion appears to suggest a rule by which a defendant might introduce otherwise inadmissible hearsay statements of his own, as long as he undertakes to testify at trial.  See Majority Opinion, slip op. at 45-46.  To the extent that this is the majority's intention, I disassociate myself from these passages,

since I know of no authority to support such a general rule, which I believe is unsound in any event.[1]

In Part VIII, the Court refers to residual doubt as a "non-statutory mitigator," and, quoting dictum from Commonwealth v. Edmiston, 578 Pa. 284, 851 A.2d 883 (2004), to suggest that the concept may be one of "statutory irrelevance." Majority Opinion, slip op. at 55 (quoting Edmiston, 578 Pa. at 304, 851 A.2d at 895). In the first instance, I note that the term "non-statutory mitigator" is sometimes used to refer to mitigation which actually is statutorily authorized under the umbrella of the Section 9711(e)(8) catchall. See, e.g., Commonwealth v. Mattison, ___ Pa. ___, ___, 82 A.3d 386, 399-400 (2013). Indeed, in my view, residual doubt may indeed fall within this category of permissible mitigation evidence under subsection (e)(8), broadly construed, as it should be per governing federal constitutional law. Nevertheless, I do not believe that it is necessary for the trial courts to issue a particularlized instruction to account for residual doubt arguments.

Finally, with regard to Part X, I differ with the majority's position that chronic alcohol or drug abuse is irrelevant to whether more acute use of such substances may have occurred. See Majority Opinion, slip op. at 69-70. Relevant evidence is such evidence as tends to to make a material fact more or less likely, see Pa.R.E. 401, and it is difficult to dispute, for example, that a chronic and untreated alcoholic would be more likely to be intoxicated on any given occasion than a social drinker. It would thus seem to me that the ongoing prohibition against the use of broader evidence of substance

---

[1] Indeed, our evidentiary rules undertake to specifically delineate the instances in which a hearsay statement is not excluded by the rule against hearsay if the declarant testifies and is subject to cross-examination about the prior statement. See Pa.R.E. 803.1. Notably, none of which instances appears to be present relative to the extrajudicial statements about Appellant's remorse.

abuse relative to <u>mens</u> <u>rea</u> in criminal cases is better understood and assessed as a matter of materiality, or, perhaps more straightforwardly, as a prophylactic measure instituted to minimize the number of collateral evidentiary forays and disputes in criminal cases.